IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**ETHAN AUTREY, Individually and on Behalf of All Others Similarly Situated**   **PLAINTIFF**

vs.   No. 1:20-cv-572

**HARRIGAN LUMBER CO., INC., WILLIAM HARRIGAN III and J. PATRICK HARRIGAN**   **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Ethan Autrey ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Courtney Lowery of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Harrigan Lumber Co., Inc., William Harrigan III and J. Patrick Harrigan (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I.   JURISDICTION AND VENUE

1.   Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2. The United States District Court for the Southern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Alabama, operating a sawmill in Monroeville.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Alabama has personal jurisdiction over Defendant, and Defendant therefore "resides" in Alabama.

5. Plaintiff was employed by Defendant at its sawmill located in the Southern Division of the Southern District of Alabama.

6. The acts alleged in this Complaint had their principal effect within the Southern Division of the Southern District of Alabama, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   THE PARTIES

7. Plaintiff is an individual resident and domiciliary of Clarke County.

8. Separate Defendant Harrigan Lumber Co., Inc. ("Harrigan Lumber"), is a domestic, for-profit corporation.

9. Harrigan Lumber's registered agent for service is J. Pat Harrigan, 1033 Hornady Drive, Monroeville, Alabama 36460.

10. Separate Defendant William Harrigan III ("W. Harrigan") is an individual and resident of Alabama.

11. Separate Defendant J. Patrick Harrigan ("P. Harrigan") is an individual and resident of Alabama.

12. Defendant maintains a website at https://www.harriganlumber.com/frameset.html?index.html.

### III.   FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. W. Harrigan is a principal, director, officer, and/or owner of Harrigan Lumber.

15. W. Harrigan took an active role in operating Harrigan Lumber and in the management thereof.

16. W. Harrigan, in his role as an operating employer of Harrigan Lumber, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

17. W. Harrigan, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

18. W. Harrigan acted as the employer of Plaintiff and the proposed collective and is and has been engaged in interstate commerce as that term is defined under the FLSA.

19. P. Harrigan is a principal, director, officer, and/or owner of Harrigan Lumber.

20. P. Harrigan took an active role in operating Harrigan Lumber and in the management thereof.

21.     P. Harrigan, in his role as an operating employer of Harrigan Lumber, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

22.     P. Harrigan, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

23.     P. Harrigan acted as the employer of Plaintiff and the proposed collective and is and has been engaged in interstate commerce as that term is defined under the FLSA

24.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

25.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as lumber and sawmill equipment.

26.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that

are separately stated) during each of the three calendar years preceding the filing of this complaint.

27. At all times material herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA and the AMWA.

28. Defendant owns and operates a sawmill in Monroeville.

29. Defendant employed Plaintiff as an hourly-paid Maintenance Millwright from April of 2020 to August of 2020.

30. At all times material herein, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid him an hourly wage.

31. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

32. In addition to his hourly rate, Plaintiff received "gain share" bonuses when the sawmill stayed under budget and produced a certain amount of lumber.

33. Other hourly employees also received the gain share bonus (hereinafter, "bonusing employees").

34. Defendant informs its bonusing employees of the gain share upon hiring because the gainshare is part of Defendant's compensation package and bonusing employees expect to receive the gainshare on a monthly or annual basis.

35. Defendant informed Plaintiff of the gain share upon hiring.

36. Plaintiff expected to receive, and did in fact receive, gain share bonuses.

37. At all relevant times herein, Defendant directly hired bonusing employees to work at its sawmill, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

38. Plaintiff regularly worked over forty hours per week while employed by Defendant.

39. Other bonusing employees worked over forty hours in at least some weeks while employed by Defendant.

40. During weeks in which Plaintiff and other bonusing employees worked over forty hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff and other bonusing employees.

41. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

42. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as nondiscretionary bonuses, in the regular rate when calculating Plaintiff's and other bonusing employees' overtime pay.

43. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of proper overtime compensation for all of the hours worked over forty per week.

44. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.   REPRESENTATIVE ACTION ALLEGATIONS

45. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

46. Plaintiff brings his FLSA claim on behalf of all other hourly, bonusing employees who were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

   A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty hours in a week;

   B. Liquidated damages; and

   C. Attorney's fees and costs

47. Plaintiff proposes the following collective under the FLSA:

**All hourly-paid employees who earned a bonus in connection with work performed in any week in which they worked more than forty hours within the past three years.**

48. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They were eligible for and received gain share bonuses;

D. They worked over forty hours in at least one week in which they performed work in connection with a bonus; and

E. They were subject to Defendant's common policy of failing to include the gain share bonuses in their hourly rate when calculating their overtime pay.

51. Plaintiff is unable to state the exact number of the class but believes that there are at least one hundred (100) other employees who worked as hourly employees and received an improperly calculated overtime rate due to nondiscretionary bonuses.

52. Defendant can readily identify the members of the Section 16(b) collective which encompasses all hourly employees who received a bonus and worked more than forty hours in a week.

53. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

54. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

57. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

58. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate for all hours worked in excess of forty per week.

59. Defendant violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in his regular rate when calculating his overtime pay.

60. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

63. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

64. Plaintiff brings this collective action on behalf of himself and all similarly situated employees who were employed by Defendant and received nondiscretionary bonuses, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours he and they worked in excess of forty each week.

65. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

66. Defendant classified Plaintiff and all others similarly situated as non-exempt from the overtime requirements of the FLSA.

67. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff and all others similarly situated a proper overtime rate for all hours worked in excess of forty per week.

68. Defendant violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and others in their regular rate when calculating their overtime pay.

69. Upon information and belief, Plaintiff and all or almost all employees who received nondiscretionary bonuses worked more than forty hours in at least one week in which they performed work connected to a bonus.

70. Defendant failed to pay Plaintiff and similarly situated employees at the proper overtime rate.

71. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

73. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ethan Autrey, individually on behalf of all others similarly situated, respectfully prays as follows:

A.   That each Defendant be summoned to appear and answer herein;

B.   That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the attendant regulations;

D.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

E.   Judgment for damages for all unpaid back wages owed to Plaintiff and members of the collective from a period of three years prior to this lawsuit through the date of trial under the FLSA and the attendant regulations;

F.   Judgment for liquidated damages pursuant to the FLSA and the attendant regulations;

G.   An order directing Defendant to pay Plaintiff and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

H.   Such other relief as this Court may deem just and proper.

        Respectfully submitted,

        **ETHAN AUTREY, Individually**
        **and on Behalf of All Others**
        **Similarly Situated, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
        10800 Financial Center Parkway, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        */s/ Courtney Lowery*
        Courtney Lowery
        Ala. Bar No. 4047-v46j
        courtney@sanfordlawfirm.com