# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **ETHAN AUTREY, etc.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 20-0572-WS-MU** |
| | ) |
| **HARRIGAN LUMBER CO., INC.,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This FLSA matter is before the Court on the parties' joint motion for final approval of settlement.  (Doc. 72).

"Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed:  a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *accord Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) (under *Lynn's Food Stores*, which "applies to settlements between former employees and employers" as well as current employees, an FLSA settlement not made under the supervision of the Secretary of Labor "is valid only if the district court entered a 'stipulated judgment' approving it").

The Court by previous order preliminarily approved the settlement, as amended, (Doc. 48), as fair and reasonable under the governing standards.  (Doc. 49).  The Court also approved the forms used to distribute notice to potential opt-in plaintiffs.  (*Id.*).  It appears that the parties have utilized the approved forms and

complied with the procedures set forth in their amended settlement agreement and approved by the Court. A remarkable 70.27% of potential opt-in plaintiffs have opted in, confirming the adequacy of the procedures used. None of the 130 opt-in plaintiffs have registered any objection to the proposed settlement. (Doc. 72 at 2).

For the reasons set forth above and in the Court's previous orders, (Docs. 38, 42, 49), the Court finds that the settlement is fair and reasonable under the governing standards. Accordingly, the motion for final approval is **granted**, and the settlement is **approved**.

The revised settlement agreement provides for the parties to submit a joint motion for dismissal with prejudice following the completion of all payments required by the agreement. (Doc. 48 at 4, 5). The Court reminds the parties that *Lynn's Food Stores* and *Nall* require consummation of an FLSA settlement to be by "stipulated judgment." An order of dismissal with prejudice does not satisfy that requirement. The Court requires a judgment listing each plaintiff and the amount awarded to that plaintiff. *King v. Cotton Bayou Marina, Inc*., Civil Action No. 18-0314-WS-B, Docs. 65, 68.

The parties are **ordered** to file, on or before **June 10, 2022**, and on or before the tenth day of each month thereafter, a status report reflecting the progress of the payment process and an estimated date by which a proposed stipulated final judgment will be filed.

DONE and ORDERED this 18th day of May, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE